D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CHRISTOPHER AND SUMINTRA DRYDEN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL ROBBERT (NYPD) SHIELD #6469,
SERGEANT NIKKI PRASAD (NYPD SUPERVISING
OFFICER), AND NYPD POLICE OFFICER JOHN DOE
(THE NAME JOHN DOE BEING FICTICIOUS, AS THE
TRUE NAME IS PRESENTLY UNKNOWN),

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL

11 CV 862 (NGG)(RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 9 2011 ★
BROOKLYN OFFICE

WHEREAS, plaintiffs commenced this action by filing a complaint, on or about
February 22, 2011, alleging violations of their state and federal constitutional rights;

WHEREAS, defendants have denied any and all liability arising out of plaintiffs'
allegations; and

WHEREAS, the parties now desire to resolve the remaining issues raised in this
litigation, without further proceedings and without admitting any fault or liability;

WHEREAS, plaintiffs have authorized their counsel to settle this matter on the
terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by
and between the undersigned, as follows:

1.       The above-referenced action is hereby dismissed against defendants, with
prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in
paragraph "2" below.

2.     The City of New York hereby agrees to pay plaintiff CHRISTOPHER DRYDEN the sum of Twenty Thousand ($20,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees, and plaintiff SUMINTRA DRYDEN the sum of Ten Thousand ($10,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to dismissal of all the claims against the defendants City of New York, Michael Robbert and Nikki Prasad and to release the defendants City of New York, Michael Robbert and Nikki Prasad, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiffs shall execute and deliver to defendants' attorneys all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph 2 above and Affidavits of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws

of any department or subdivision of the City of New York.  This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

       5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

       6.      Plaintiffs agree to hold harmless defendants City of New York, Michael Robbert and Nikki Prasad regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       September       2011


Jeffrey Chabrowe, Esq.
*Attorney for Plaintiffs*
261  Madison  Avenue,  12th  floor
New York, N.Y. 10016
(917) 529-3921


By: _____
    JEFFREY CHABROWE, ESQ.
    (JC 3898)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, 3-199
New York, New York 10007
(212) 227-0918


By: _____
    KARL J. ASHANTI (KA4547)
    Assistant Corporation Counsel


SO ORDERED:

s/Nicholas G. Garaufis
_____
U.S.D.J.    9/16/11